**ARNOLD et ux. v. SIMPSON.   (No. 1104.)**

·(Court of Civil Appeals of Texas. · Beaumont. April 24, 1924.)

**1. Adverse   possession   ⬤➾85(4)—Possession held permissive.**

Evidence *held* to show plaintiff's use of lots claimed by adverse possession to have been with owner's permission.

**2. Frauds, statute of ⬤➾129(9)—To sustain parol sale purchaser must enter into possession and improve.**

To sustain claimed parol sale of land purchaser must follow sale by possession and make valuable and permanent improvements ·on property.

**3. Appeal   and   error   ⬤➾1008(1)—Judgment affirmed if from any view of evidence it can be done.**

Trial court's judgment should be affirmed if from any view of evidence it can be done.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Trespass to try title by B. C. Simpson against Mose Arnold and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Nichols & Sargent, of Houston, for appellants.

Inham S. Roberts, of Houston, for appellee.

HIGHTOWER, C. J.   This is an ,action of trespass to try title, filed by the appellee, D. C. Simpson, against the appellants, Mose Arnold and wife, Annie Arnold, in one of the district courts of Harris county, and involves lots Nos. 11 and 12 in block No. 2 of the Allen and Oliver addition to the city of Houston. Appellants answered by general denial, plea of not guilty, and then specially pleaded the statute of limitation of 10 years in bar of the action.

The trial was had without a jury, and judgment was in favor of the appellee for both the lots involved, and defendants prosecuted this appeal. No separate findings of fact and conclusions of law are found in the record, but only a statement of facts upon which the judgment is based.

[1] Appellants present in their brief two assignments of error, both of which attack the judgment on the ground that their plea of limitation should have been sustained. They first contend that the plea of limitation was sustained by the undisputed evidence, but, if not so then they contend that it was sustained by the overwhelming preponderance of the evidence, and that therefore the judgment should be set aside. We cannot agree with either contention.

The record in this case shows that the appellee has a perfect record title to the land in controversy, which he acquired from Judge A. C. Allen on February 20, 1908.

According to the evidence of appellant Mose Arnold, he owned property in close proximity to the two lots in controversy, and lived on his property and ran a small dairy, and in 1902 he got permission from Judge Allen, the then owner of the lots in controversy, to put a wire fence around them and use them to keep his calves in. He also stated that he wanted to buy the two lots from Allen, but was not able to do so at that time, but that Allen priced the lots to him at $200 each. He further stated that he agreed with Allen to buy the lots at that price as soon as he was able to pay for them, and that Allen told him that he would make him a deed as soon as he paid for the lots. This agree-

---

ment, he stated, was oral. He admitted, however, that he had never paid Allen for the lots, and had never asked him for a deed, but did say that he was claiming the lots under the parol agreement to purchase them, but he did not state that he ever told Judge Allen that he was claiming title to the lots as against him.

Judge Allen was a witness in the case, and testified, positively, that he never did agree, orally or otherwise, to sell the lots to Arnold and that he never made him a price on the lots. He further testified that Arnold fenced the lots with his express permission, and agreed to look after them and to keep trespassers away. He also testified that Arnold has alway recognized him as the owner of the lots, and had never set up any kind of claim to them adverse to his. Such being the state of the evidence, the trial court was amply justified in rendering judgment for the appellee. Such evidence was certainly sufficient to warrant a finding that there was no adverse possession by Arnold while Allen owned the lots, and the record shows that 10 years had not expired after Allen sold the lots to appellee when this suit was filed.

[2, 3] In order to sustain a claimed parol sale of land in this state the purchaser must follow the sale by possession, and make valuable and permanent improvements on the property. Therefore, even if the trial court had found that there was a parol sale of the land by Allen to Arnold, it could not be upheld in this case, because, as we consider, there was no evidence to show that the claimed parol sale was followed by possession and valuable and permanent improvements upon the lots. But on this phase of the case it is enough to say that the trial court's judgment should be affirmed, if from any view of the evidence it can be done, and the judgment involves a finding that there was no parol sale of the lots by Allen to Arnold, and this finding has abundant support in the evidence. There is no use in citing authorities to sustain any legal conclusion we have announced, because they are practically innumerable, and none can be found to the contrary.

What we have said has the effect to dispose of all of appellants' contentions, and the judgment must be, and is, affirmed.